NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-1427

MICHELLE A. THIBODEAU

vs.

JOSEPH E. THIBODEAU, THIRD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The former wife (wife) appeals from an amended judgment of divorce entered in the Probate and Family Court.  The wife argues that the judge, in dividing the marital estate, erred in ordering that the former husband (husband) elect to receive his public pension benefits under an option that does not provide for survivor benefits, and relatedly in ordering the husband to maintain life insurance on the wife's behalf only if it is available to him at little to no cost.  The wife also challenges the portion of the amended judgment pertaining to health insurance and argues that the judge should have included the husband's accrued paid time off and sick and vacation time in either the alimony calculation or the property division.  As we

are unable to discern the reasons for the judge's order relating to the husband's public pension benefits, we vacate that part of the judgment and remand for further proceedings. On remand, the provision pertaining to health insurance shall be modified as described below. The amended judgment is otherwise affirmed.

1. Standard of review. A judge has broad discretion in making an equitable division of marital property and in determining the form and amount of alimony. See Williams v. Massa, 431 Mass. 619, 631, 634 (2000). We will not disturb a judge's decision as to division of property "[a]s long as the judge's findings show that all relevant factors in [G. L. c. 208, § 34] were considered, and the reasons for the judge's conclusion are apparent and flow rationally from the findings and rulings." Id. at 631. Similarly, we will not disturb an alimony award as long as "the judge considered all the relevant factors under G. L. c. 208, § 53 (a)," "the reason for her conclusion is apparent in her findings," and the award is not "plainly wrong and excessive" (quotations and citations omitted). Zaleski v. Zaleski, 469 Mass. 230, 236 (2014).

2. Public pension benefits. Paragraph 15 of the amended judgment provides that "Husband shall elect to receive his retirement benefits under Option A of the Retirement plan and he shall designate and name Wife as the pre-retirement survivor

2

beneficiary."  The wife argues that the judge erred by allowing the husband to receive his benefits under Option A while, at the same time, not requiring him to maintain life insurance for the wife's benefit unless it is available to him at little to no cost.[1]  According to the wife, this was inequitable because, although Option A will provide the largest retirement allowance, it will not provide for survivor benefits.  See G. L. c. 32, § 12 (2) ("Option [a], Life Annuity").  The wife contends that the judge should have instead ordered the husband to elect Option C, which will provide a lesser retirement allowance but will also provide "two-thirds of the yearly amount of such lesser retirement allowance" to the "surviving eligible beneficiary as [the] member shall have nominated in his written election of this option."  See id. ("Option [c], Joint and Last Survivor Allowance").

In ordering that the husband elect to receive his benefits under Option A, the judge reasoned as follows:

> "The parties did not provide a third party/expert valuation of Husband's pension and retirement benefits including the value of any survivor benefits were Husband to choose Option C.  As a result, the amount of life insurance Husband would need to obtain and maintain to . . . secure Wife's survivor benefits if Option C was chosen is unknown and any amount of life insurance for this purpose would be arbitrary and therefore unfair and inequitable.  Neither

[1] At oral argument the wife confirmed that her challenge to the judge's order regarding life insurance is tied to her argument regarding the judge's selection of Option A.

3

party's trial financial statement lists any current deductions or payments for life insurance nor do either list having a life insurance policy with a cash surrender value. It is unknown if Husband has [a] life insurance policy paid by his employer and, if he does, the amount of death benefits for such policy. The cost of any such life insurance policy Husband would need to obtain to secure Wife's survivor benefits under Option C was not established and it is more likely than not that Husband would incur an increased premium for such life insurance given his current age and possibly due to his occupation."

While we accept the judge's finding that the evidence did not establish the cost of the husband's maintaining life insurance, we are unable to discern why that led the judge to conclude that an equitable division of the marital estate demanded the election of Option A. Specifically, we cannot ascertain from the judge's rationale why she concluded that the unknown cost of life insurance is an issue under Option C -- which, as mentioned, will provide the wife survivor benefits if she is named as the surviving beneficiary -- but not under Option A, which will provide payments only during the husband's lifetime. See G. L. c. 32, § 12. In other words the issue of life insurance would appear to pertain at least equally to an election under Option A.

We recognize that the judge has considerable discretion in determining an equitable division and that she ordered an overall disproportionate division of assets in the wife's favor. We are unable to conclude, however, that her reasons for

4

selecting Option A over Option C "are apparent and flow rationally from the findings and rulings." Williams, 431 Mass. at 631. Remand is therefore required for further proceedings on this issue, which may include the taking of additional evidence in the judge's discretion. Nothing in this memorandum and order should be read as precluding the judge from reaching the same determination on remand.

3. Health insurance. Paragraph 3 of the amended judgment requires the husband to "maintain health insurance coverage for Wife so long as it is available to him through his employer at a reasonable cost." The wife argues that the judge erred by not defining "reasonable cost." We are unpersuaded. The judge's order is consistent with G. L. c. 208, § 34, which provides that, when making an alimony order, a judge shall require the obligor to obtain health insurance for the recipient or reimburse the recipient for the cost of health insurance if the judge determines that the obligor has "coverage available to him through an employer or organization" or has "coverage available to him at reasonable cost that may be extended to cover the spouse for whom support is ordered." The wife cites no authority in support of her suggestion that it is reversible error for a judge to not specifically define what constitutes "reasonable cost." Moreover, in her findings, the judge

5

expressly stated that "reasonable cost . . . is assumed to be in or around the current cost of about $85 per week." If, despite this finding, a dispute arises in the future about the meaning of "reasonable cost," it can be appropriately resolved through a subsequent action.

The wife also argues that paragraph 3 is ambiguous as to whether the husband's obligation to maintain health insurance coverage for the wife will terminate after his retirement. Consistent with G. L. c. 208, § 34, we read paragraph 3 to require the husband to continue to maintain coverage for the wife after he retires if it is available to him through his current employer at reasonable cost. At oral argument the husband confirmed that that this was his understanding of paragraph 3. On remand, paragraph 3 shall be modified accordingly.

4. Accrued time. Finally, the wife argues that the judge erred by not considering the husband's accrued paid time off and sick and vacation time as part of the alimony calculation or alternatively by not considering the accrued time as an asset subject to division. The wife did not offer adequate evidence on these issues, however. She points to trial exhibits 50 and 51, which are spreadsheets appearing to show certain categories of the husband's accrued time for parts of 2021 and 2022. But

6

the wife offered no evidence explaining what the numbers in these spreadsheets represent, nor did she offer evidence about the amount or value of the husband's accrued time as of trial. We therefore cannot fault the judge for not including the accrued time in the alimony calculation or the property division.  See Baccanti v. Morton, 434 Mass. 787, 803-804 (2001).

5. Conclusion.  Paragraph 15 of the amended judgment is vacated, and the matter is remanded for further proceedings consistent with this memorandum and order.  On remand, paragraph 3 of the amended judgment shall be modified to reflect that the husband's obligation to maintain health insurance coverage for the wife shall continue after he retires so long as it is available to him through his current employer at a reasonable cost.  The remainder of the amended judgment is affirmed.

So ordered.

By the Court (Shin, Ditkoff & Tan, JJ.[2]),

Clerk

Entered: July 21, 2026.

---

[2] The panelists are listed in order of seniority.